IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY JAMAAR BROWN, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-00413-KD-N |
| HARLEY GEDDES, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated January 30, 2015, it is recommended that this action be dismissed without prejudice.

On September 25, 2014, this Court issued an Order granting Plaintiff's motion to proceed without prepayment of fees and directed Plaintiff to pay a partial filing fee of $10.80 by October 16, 2014 (Doc. 7). On October 29, 2014, the Court extended the deadline until November 28, 2014 for Plaintiff to comply with the September 25, 2014 Order (Doc. 7). On January 8, 2015, the Court entered a Report and Recommendation that Plaintiff's action be dismissed for failure to prosecute and comply with the Court's order (Doc. 10). Plaintiff filed an objection to the report and recommendation on January 15, 2015 (Doc. 11). On January 30, 2015, the Court entered an order withdrawing the report and recommendation and extending the deadline to pay the filing fee until March 2, 2015 (Doc. 12). Plaintiff has not responded to the Court's order nor has the document been returned as undeliverable. Plaintiff was cautioned that this was his last

opportunity to comply with the Court's order and that his failure to comply would result in a recommendation that his action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 24th day of March, 2015.

                                              s/KATHERINE P. NELSON  
                                                UNITED STATES MAGISTRATE JUDGE